UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALIH P. AGUDA, | CASE NO. 2:22-cv-00010-TL |
| Plaintiff, | Order Denying Emergency Motion and Dismissing Case |
| v. | |
| OHARA ET AL , | |
| Defendant. | |

On January 6, 2022, *pro se* Plaintiff Alih P. Aguda's motion to proceed *in forma pauperis* was granted because he financially qualifies for that status pursuant to 28 U.S.C. § 1915(a)(1). Dkt. No. 5. In that order, the United States Magistrate Judge recommended further review of the complaint under 28 U.S.C. § 1915(e)(2)(B). *Id*. On January 10, 2022, Plaintiff Aguda was directed to file an amended complaint to cure the deficiencies of the original complaint. Dkt. No. 6 at 2. Specifically, the Court found that Plaintiff Aguda's initial complaint had failed to establish any basis for the Court to assert subject-matter jurisdiction over the matter. *Id.* Plaintiff Aguda was directed to (1) identify the basis for the Court's subject-matter jurisdiction,

(2) provide a short and plain statement of the factual basis for each of his claims as required by Federal Rule of Civil Procedure 8, and (3) specifically identify each defendant in the caption of the amended complaint. On February 1, 2022, Plaintiff Aguda filed an "amended defendants, jury trial, and emergency summon request to prohibit all ongoing hindrances to Plaintiff's living of life" (referred to as "amended emergency summon request"). Dkt. No. 12.

Upon review of the timely-filed amended complaint, Dkt. No. 8, the Court notes that this new complaint still does not provide grounds for the Court to assert subject-matter jurisdiction and does not meet minimal pleading standards. Federal courts have limited jurisdiction, and it is the plaintiff's burden to establish that this Court is authorized to hear his case and grant the relief he seeks. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The amended complaint alleges that Plaintiff Aguda is being tortured and otherwise hindered by "a national secret organization that operates secretly and in disguise." Dkt. No. 8 at 7. The caption lists "Disguised organization with known disguised agents as defendants," including managers and representatives of various institutions with whom Plaintiff Aguda has interacted. While an addendum to the complaint appears to reveal Plaintiff Aguda's desire to sue Verizon Wireless, Wireless Advocates, and Costco Wholesale, *see* Dkt. No. 8 at 1–3 and Dkt. No. 8-1, his amended emergency summon request explains that two of these companies— Wireless Advocates and Costco—are not meant to be named defendants in the suit. Dkt. No. 12 at 2.

Considering the amended complaint and addenda in their entirety, the Court cannot find any basis to assert subject-matter jurisdiction. Plaintiff Aguda has checked the box for "federal question" jurisdiction, but he does not allege violation of any specific federal statute, treaty, or constitutional provision. The facts alleged do not implicate any federal statutory or constitutional

claims. Similarly, there is no diversity jurisdiction. Each of the specifically named individual defendants work within, and are likely residents of, Washington state. And although Verizon Wireless maintains its corporate headquarters outside of Washington state, the amount in controversy clearly falls far short of the $75,000 minimum threshold required for diversity cases. *See* Dkt. No. 8 at 13, 17, 26, 28, 29, 34 (showing, at most, allegations of loss totaling several thousand dollars). *See also* 28 U.S.C. § 1332(a).

Moreover, a district court is required to dismiss an *in forma pauperis* complaint if it fails to state a claim upon which relief may be granted or if it is frivolous. 28 U.S.C. § 1915(e)(2)(B). This Court construes pleadings filed by *pro se* litigants liberally and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). However, *pro se* pleadings must "nonetheless meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Courts in this circuit are unwilling to "supply essential elements of the claim that were not initially pled," even in the *pro se* context. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff Aguda asserts violations of various rights by the secret organization and its agents (including companies like Verizon Wireless and other entities and individuals specifically named), but none of these can be construed as cognizable claims under federal law. According to the amended complaint, Defendants (and possibly others) have subjected Plaintiff Aguda to a laundry list of grievances such as: poisoned blankets, racially-motivated chemical and biological attacks, inadequate customer service, disruptions to his electronic devices, mail tampering, and interferences with his ability to earn money.

      In Plaintiff Aguda's words, there are entities using "very sophisticated torture technologies that plaintiff cannot show prove [*sic*] to the Court." Dkt. No. 12 at 4. Without evidence of or plausible allegations of such activities and without clearer identification of who is responsible, the Court cannot construe Plaintiff's complaint as stating a claim under which relief can be granted. Even if Plaintiff had such evidence, many—if not all—of his claims cannot be addressed under federal law or by a federal court. While the Court is sympathetic to Plaintiff Aguda's troubles, the amended complaint fails to cure the deficiencies previously identified. Thus, the Court, lacking jurisdiction, must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

      The amended emergency summon request, Dkt. No. 12, is DENIED, and the case is DISMISSED without prejudice.

      IT IS SO ORDERED.

      Dated this 3rd day of February, 2022.

                                                           Tana Lin
                                                           United States District Judge